UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| LAKEITSHA B. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:20-cv-10830 |
| v. ) | |
| ) | **ANSWER TO COMPLAINT** |
| VANCE & HUFFMAN, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT VANCE & HUFFMAN, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT**

NOW COMES Defendant, Vance & Huffman, LLC ("VH"), by and through its undersigned counsel, as and for its Answer and Affirmative Defenses to the Complaint ("Complaint") of Lakeitsha B. King ("Plaintiff") in the above-captioned matter, denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**RESPONSE TO NATURE OF THE ACTION**

1.  VH admits Plaintiff seeks redress for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Michigan Occupational Code, M.C.L. § 339.901 *et seq.* ("MOC"). VH specifically

denies it violated any law and denies all liability associated with the allegations set forth in the complaint.

## **RESPONSE TO JURISDICTION AND VENUE**

2.      Responding to Paragraph 2, VH admits that based upon the allegations, the cited statutes provide subject matter jurisdiction. Notwithstanding this statement regarding jurisdiction provided by the cited statute, VH denies all liability associated with the allegations set forth in the Complaint, denies Plaintiff suffered a concrete injury, and denies Plaintiff has Article III standing in this case.

3.      Responding to Paragraph 3, VH admits, based upon the allegations, venue is proper in this district. Notwithstanding this statement, VH denies all liability associated with the allegations set forth in the complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff can establish Article III standing.

4.      Responding to Paragraph 4, VH admits, based upon the allegations as pled, this Court has supplemental jurisdiction. Notwithstanding this statement, VH denies all liability associated with the allegations set forth in the complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff can establish Article III standing.

## RESPONSE TO PARTIES

5. Responding to Paragraph 5, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

6. Responding to Paragraph 6, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

7. VH admits Paragraph 7.

8. In response to Paragraph 8, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

9. VH admits Paragraph 9.

10. VH admits Paragraph 10.

11. In response to Paragraph 11, VH admits that at certain times and under certain circumstances, VH engages in the attempted collection of debt and at times can be defined as a "debt collector" as defined by 15 U.S.C. § 1692a(6). VH denies any remaining allegations in this paragraph.

12. In response to Paragraph 12, VH admits that at certain times and under certain circumstances, VH collects or attempts to collect debts owed or due or asserted to be owed or due another and at times can be defined as a "debt

collector" as defined by 15 U.S.C § 1692a(6). VH denies any remaining allegations in this paragraph.

12.[sic.] In response to the second paragraph numbered 12, VH admits it is a "person" as defined by 47 U.S.C. § 153(39).

13. Responding to Paragraph 13, VH admits at certain times and under certain circumstances, it can be defined as a "collection agency" as defined by M.C.L. § 339.301(1)(b). VH denies any remaining allegations in this paragraph.

## RESPONSE TO FACTUAL ALLEGATIONS

14. Responding to Paragraph 14, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

15. Responding to Paragraph 15, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

16. Responding to Paragraph 16, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

17. Responding to Paragraph 17, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

18. Responding to Paragraph 18, VH admits it received an account in the amount of $693.36 for collection on November 21, 2019.

19. Responding to Paragraph 19, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

20. Responding to Paragraph 20, VH lacks knowledge or information sufficient to form a belief about the truth of the allegations; therefore, VH denies the same.

21. Responding to Paragraph 21, VH admits it attempted to reach Plaintiff via telephone. VH denies any remaining allegations in this paragraph.

22. VH denies Paragraph 22.

23. VH denies Paragraph 23.

24. VH denies Paragraph 24.

25. VH denies Paragraph 25.

26. VH denies Paragraph 26.

27. VH denies Paragraph 27.

28. VH denies Paragraph 28.

29. VH denies Paragraph 29.

30. VH denies Paragraph 30.

## RESPONSE TO DAMAGES

31. VH denies Paragraph 31. By way of further response, VH specifically denies it violated any law, cited or otherwise.

32. VH denies Paragraph 32. By way of further response, VH specifically denies it violated any law, cited or otherwise.

33. VH denies Paragraph 33. By way of further response, VH specifically denies it violated any law, cited or otherwise.

## RESPONSE TO CLAIMS FOR RELIEF

### RESPONSE TO COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

34. VH restates and re-alleges the above responses as though fully set forth herein. To the extent a further response is required, VH denies the allegations in Paragraph 34.

### Response to Alleged Violation(s) of 15 U.S.C. § 1692d

35. Responding to Paragraph 35, VH refers to the text of 15 U.S.C. § 1692d and denies anything inconsistent therewith.

36. VH denies Paragraph 36.

37. VH denies Paragraph 37.

38. Responding to Paragraph 38, VH refers to the text of 15 U.S.C. § 1692k and denies anything inconsistent therewith.

To the extent VH is required to respond to the prayer for relief following Paragraph 38, VH denies it violated any law, cited or otherwise, and denies Plaintiff is entitled to any damages, including, but not limited to, actual damages, statutory damages, or costs and attorneys' fees.

**RESPONSE TO COUNT II:**
**Telephone Consumer Protection Act (47 U.S.C. §227 *et. seq.*)**

39. VH restates and re-alleges the above responses as though fully set forth herein. To the extent a further response is required, VH denies the allegations in Paragraph 39.

40. VH denies Paragraph 40.

41. VH denies Paragraph 41.

42. VH denies Paragraph 42.

43. VH denies Paragraph 43.

44. Responding to Paragraph 44, VH is unable to formulate a response as Plaintiff did not define "all times relevant." As a result, VH denies this paragraph.

45. VH denies Paragraph 45. By way of further response, VH specifically denies it violated any law, cited or otherwise.

46. VH denies Paragraph 46. By way of further response, VH specifically denies it violated any law, cited or otherwise.

To the extent VH is required to respond to the prayer for relief following Paragraph 46, VH denies it violated any law, cited or otherwise, and denies

Plaintiff is entitled to any damages, including, but not limited to, statutory damages or treble damages.

## RESPONSE TO COUNT III:
### Michigan Occupational Code (M.C.L. § 339.901 *et seq.*)

47. VH restates and re-alleges the above responses as though fully set forth herein. To the extent a further response is required, VH denies the allegations in Paragraph 47.

### Response to Alleged Violation(s) of M.C.L. § 339.915(n)

48. Responding to Paragraph 48, VH refers to the text of M.C.L. § 339.915(n) and denies anything inconsistent therewith. VH specifically denies violating this cited law.

49. VH denies Paragraph 49.

50. VH denies Paragraph 50.

51. Responding to Paragraph 51, VH refers to M.C.L. § 339.916 and denies anything inconsistent therewith. By way of further response, VH specifically denies violating any law, cited or otherwise.

To the extent VH is required to respond to the prayer for relief following Paragraph 51, VH denies it violated any law, cited or otherwise, and denies Plaintiff is entitled to any damages, including, but not limited to, actual damages, statutory damages, treble damages, or attorneys' fees or costs.

## RESPONSE TO DEMAND FOR JURY TRIAL

VH admits Plaintiff demands a jury trial. VH denies Plaintiff has suffered any concrete injury in fact and lacks the necessary standing under Article III of the U.S. Constitution to receive a jury trial. VH also denies Plaintiff alleged any viable cause of action that would be subject to a jury trial.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff failed to state a claim upon which relief can be granted, and therefore Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P. and state law.

### SECOND DEFENSE

Plaintiff's Complaint and claims for relief are barred in whole or in part because VH at all times acted in a reasonable manner and in good faith.

### THIRD DEFENSE

Plaintiff's Complaint and purported claims are barred, in whole or in part, by the doctrine of consent and/or Plaintiff's express consent.

### FOURTH DEFENSE

Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which VH denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability against VH.

## SIXTH DEFENSE

VH affirmatively alleges that this action was brought in bad faith and for the purpose of harassment, entitling VH to an award of attorneys' fees reasonable in relation to the work expended and costs, pursuant to Section 1692k.

## SEVENTH DEFENSE

VH affirmatively alleges that it is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

## EIGHTH DEFENSE

VH does not use technology defined as an "automatic telephone dialing system" by the Telephone Consumer Protection Act.

## NINTH DEFENSE

If any action or inaction of VH violated any statute, which VH specifically denies, the action or inaction was not intentional or willful.

## TENTH DEFENSE

VH contends that it did not engage in any conduct that was outrageous, intentional or malicious, or done with reckless disregard with respect to Plaintiff.

VH also alleges it never engaged in any knowing or willful conduct with respect to Plaintiff.

## ELEVENTH DEFENSE

VH reserves the right to assert any other defenses that may become available during discovery proceedings, or otherwise, in this case and hereby reserves the right to amend its Answer to assert any such defenses.

This 22nd day of June, 2020

                                              Respectfully submitted,

/s/ *Gregory R. Neidle*
GREGORY R. NEIDLE
DOBBS & NEIDLE, PC
30150 Telegraph Road, Suite 410
Bingham Farms, MI 48025
Phone: (248) 723-9511
Email: gneidle@dobbsneidle.com
MI Bar Number P59273

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| LAKEITSHA B. KING, | ) |
| Plaintiff, | ) |
| v. | ) |
| VANCE & HUFFMAN, LLC, | ) |
| Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 22, 2020, I electronically filed the foregoing *Defendant Vance & Huffman, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record, including the following:

**Mohammed O. Badwan**

**Joseph Scott Davidson**

and I hereby certify that I have mailed by United States Postal Service the paper to the following non ECF participants:

N/A

Dated: June 22, 2020

                                               *Gregory R. Neidle*
                                               GREGORY R. NEIDLE
                                               DOBBS & NEIDLE, PC
                                               30150 Telegraph Road, Suite 410
                                               Bingham Farms, MI 48025
                                               Phone: (248) 723-9511
                                               Email: gneidle@dobbsneidle.com
                                               MI Bar Number P59273